IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 25-3520

_____

In re:   DIAMONDHEAD CASINO CORPORATION, DEBTOR

DEBORAH A. VITALE
Appellant,
v.
EDSON ARNEAULT, et al.,
Appellees.
_____

On Appeal from the United States District Court
for the District of Delaware
Case Nos. 1:25-cv-01022-MN and 1:25-cv-01167-MN
_____

APPELLANT'S OPPOSITION TO DISMISSAL
FOR LACK OF APPELLATE JURISDICTION

Appellant, Deborah A. Vitale, appearing pro se, respectfully submits this Opposition to Dismissal for Lack of Appellate Jurisdiction in response to the Clerk's December 24, 2025 letter suggesting that "this Court may lack appellate jurisdiction" in this case. This Court has jurisdiction under 28 U.S.C. §158(d)(1) because the District Court's Orders denying Appellant's Emergency Motions for Stay Pending Appeal are final, appealable orders within the meaning of the Bankruptcy Code and controlling Supreme Court and Third Circuit precedent.

1

I.      RELEVANT PROCEDURAL HISTORY

On June 12, 2024, the Petitioning Creditors, Appellees herein, filed an Involuntary Chapter 7 Petition against the Debtor, Diamondhead Casino Corporation. [Bankr. D.I. 1]. On July 18, 2024, the Debtor filed a Motion to Dismiss the Involuntary Petition or, in the Alternative, to Convert the Case to a Chapter 11. [Bankr. D.I. 9]. On December 5, 2024 and January 16, 2025, the Bankruptcy Court held hearings on the motion. [Bankr. D.I. 25 and 32]

On July 30, 2025, the Court entered an Opinion and Order <u>denying</u> the Debtor's Motion to Dismiss the Involuntary Bankruptcy Petition or, in the Alternative, to Convert the Case to Chapter 11. [Bankr. D.I. 42 and D.I. 43]. On July 31, 2025, the Court entered an Order for Relief in an Involuntary Case. [Bankr. D.I. 45]. On August 1, 2025, the Court appointed an Interim Trustee. [Bankr. D.I. 46]

On August 13, 2025, the Appellant filed a timely Notice of Appeal [Bankr. D.I. 57] from Orders then-entered by the Bankruptcy Court initiating District Court Case No. 1:25-cv-01022-MN. The Appellant also moved for a stay pending appeal. [Bankr. D.I. 47, D.I. 55].

On September 3, 2025, the Bankruptcy Court denied all stay-related motions. On the same date, the Court also denied all then-outstanding motions relating to the Court's underlying Opinion and Order for Relief under the "divestiture of jurisdiction rule," concluding that the issues raised were on appeal to the District

Court. [Bankr. D.I. 85, TR. 9-3-25, at p. 92] On September 4, 2025, the Bankruptcy Court entered the Order Denying all then-outstanding Motions. [Bankr. D.I. 89]

On September 17, 2025, Appellant filed a second Notice of Appeal [Bankr. D.I. 107] adding the Order of September 4, 2025 to the Orders previously appealed from, initiating Case No. 1:25-cv-01167-MN.

**Emergency Motions for Stay in the District Court**

On October 21, 2025, Appellant filed Emergency Motions for Stay Pending Appeal in the United States District Court for the District of Delaware in: l) *Vitale v. Arneault*, et al, (C.A. No. 25-1022-MN)[D.I. 8]; and 2) *Vitale v. Arneault*, et al., (C.A. No. 25-1167-MN)[D.I. 7].

On December 3, 2025, the District Court <u>denied</u> Appellant's motions for emergency stays in both cases. (C.A. No. 25-1022-MN)[D.I. 25]; (C.A. No. 25-1167-MN)[D.I. 15].

On December 16, 2025, Appellant filed Notices of Appeal from the Orders entered by the District Court, <u>denying</u> Appellants' Emergency Motions for Stay Pending Appeal. (C.A. No. 25-1022-MN)[D.I. 28]; (C.A. No. 25-1167-MN)[D.I. 18].

The Appellant's Notices of Appeal were timely filed within the fourteen day period required by Fed. R Bank. P. 8002(a). In addition, Appellant has complied with Federal Rule of Appellate Procedure 8(a)(1) by first seeking a stay in the

District Court, which denied Appellant's emergency motions for stay pending appeal. Thus, all procedural prerequisites to appellate jurisdiction have been satisfied.

## II.     THE THIRD CIRCUIT COURT OF APPEALS HAS JURISDICTION UNDER 28 U.S.C. §158(d)(1)

The Clerk's letter states that "only final orders of the district court may be reviewed," citing 28 U.S.C. §1291 and attaching a copy of the statute to her letter. However, 28 U.S.C. §1291 does not govern appellate jurisdiction in bankruptcy matters. Congress enacted a specific, separate jurisdictional statute which governs appellate jurisdiction in bankruptcy matters, namely, 28 U.S.C. §158(d)(1).

The District Court exercised jurisdiction under 28 U.S.C. §158(a) when it reviewed Appellant's appeals from the Bankruptcy Court's order denying a stay pending appeal. Therefore, this Court's jurisdiction is governed by 28 U.S.C. §158(d)(1), which provides as follows:

> The courts of appeals shall have jurisdiction of appeals from all final judgments, orders, and decrees entered under subsections (a) and (b) of this section.

Thus, while 28 U.S.C. §1291 governs ordinary civil appeals, bankruptcy appeals proceed under 28 U.S.C. §158(d)(1). The Third Circuit has repeatedly held that §158(d)(1) provides jurisdiction over final orders entered by a district court acting in its bankruptcy appellate capacity, including orders denying stays pending appeal. See *In re Revel AC, Inc.*, 802 F.3d 558, 566-67 (3d Cir. 2015).

# III. ORDERS DENYING A STAY PENDING APPEAL ARE FINAL AND APPEALABLE IN THE BANKRUPTCY CONTEXT

## A. Supreme Court Authority Establishes That Stay Proceedings Are Discrete, Final Units

The Supreme Court has recognized that finality in bankruptcy differs from finality in ordinary civil litigation and is more flexible in bankruptcy cases than in ordinary civil litigation. Bankruptcy cases consist of numerous discrete proceedings, each capable of generating a final, appealable order. The current bankruptcy appeal statute reflects this by authorizing appeals as of right, not only from final judgments, but from orders and decrees in bankruptcy cases.

Bankruptcy court orders are considered final and immediately appealable if they dispose of discrete disputes within the larger bankruptcy case. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). Orders resolving "procedural units anterior to and separate from" the merits of the underlying bankruptcy case are final and immediately appealable. *Ritzen Group Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 44-45 (2020).

A motion for stay pending appeal is one such discrete procedural unit. The District Court's denial of Appellant's emergency motions for stay pending appeal ended the stay-relief proceeding and left nothing further to adjudicate. The denial of a stay pending appeal conclusively determined the Appellant's right to interim protection. Under *Ritzen*, this is a final, appealable order.

## B. Third Circuit Precedent Holds That Denials of Stays Pending Appeal Are Final Under §158(d)(1)

The Third Circuit has long recognized that orders denying stays pending appeal in bankruptcy matters are final and appealable orders where they resolve a discrete matter within the larger bankruptcy case. *In re West Electronics, Inc.*, 852 F.2d 79, 82 (3d Cir. 1988). This Court has recognized that finality must be viewed pragmatically in bankruptcy appeals. *In re Market Square Inn, Inc.*, 978 F.2d 116, 120 (3d Cir. 1992). The denial of a stay is final where it all but assures that the creditor's appeal would become moot and prevent movant from obtaining a full airing of its issues on appeal. *In re S.S. Body Armor 1, Inc.*, 2019 WL 2588533 (3d Cir. June 25, 2019).

## III. THE DISTRICT COURT'S DENIAL OF A STAY WILL MOOT APPELLANT'S APPEAL

*In re Revel AC, Inc.*, 802 F.3d 558 (3d Cir. 2015) is dispositive of the issue. In *Revel*, the movant filed an emergency motion for a stay in the District Court. The Third Circuit held that the order denying a stay pending appeal was a "final, appealable order" under 28 U.S.C. §158(d)(1). Of particular applicability here, the Court stated:

> Though a stay denial is not technically a final judgment, it is here in a practical sense because, under 11 U.S.C. §363(m), the upshot of declining IDEA's stay request is to prevent it from obtaining a full airing of its issues on appeal and a decision on the merits, as that provision protects purchasers from any modification on appeal of an order authorizing a sale.

Consequently, the District Court's decision denying IDEA's stay request was final for purposes of §158(d). (Citations omitted.) *Id*. at 566-567.

In distinguishing a grant of a stay in *In re Trans World Airlines, Inc.*, 18 F.3d 208, 215 (3d Cir. 1994), from the <u>denial</u> of a stay in *Revel,* this Court went on to state as follows:

> The difference here is that the District Court *denied* a stay, and the practical effect was to resolve IDEA's appeal on the merits, as the combination of the imminent closing of the sale and §363(m) would have mooted its appeal. (Emphasis in original.)

> Thus, where it is all but assured that a statute will render an appeal moot absent a stay, a stay denial is appealable under §158(d)(1). *Id*. at 567.

The Debtor, Diamondhead Casino Corporation, owns, through its wholly-owned subsidiary, Mississippi Gaming Corporation ("MGC"), an approximate 400-acre site on Interstate 10 in Diamondhead, Mississippi. This is the Debtor's primary asset. The Chapter 7 Trustee has scheduled an auction of the property for **<u>January 26, 2026.</u>** [Bankr. D.I. 164]. Once the sale closes, §363(m) will prevent any effective appellate relief. The practical effect of denying the stay is to resolve the appeal on the merits.

Thus, as in *Revel*, the District Court's <u>denial</u> of a stay, coupled with the imminent sale of the Diamondhead Property under §363(m), denies Appellant any meaningful opportunity to be heard, prevents Appellant from obtaining a full airing of her issues on appeal, has the practical effect of resolving the appeal on the merits in favor of Appellees, and would moot Appellant's appeal.

## CONCLUSION

Because the District Court's Orders denying Appellant's Emergency Motions for Stay Pending Appeal conclusively resolved a discrete bankruptcy proceeding and, absent review, will moot Appellant's underlying appeals due to the imminent §363(m) sale, they are final, appealable orders under 28 U.S.C. §158(d)(1) and controlling Supreme Court and Third Circuit authority. Therefore, this Court has jurisdiction over this appeal.

                                    Respectfully submitted,

                                    <u>/s/ Deborah A. Vitale</u>
                                    DEBORAH A. VITALE
                                    Appellant, Pro Se
                                    1013 Princess Street
                                    Alexandria, Virginia 22314
                                    Telephone: (727) 510-1412
                                    Email: vitaledav@aol.com

Dated: January 5, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2026, a true and correct copy of the foregoing, Appellant's Opposition to Dismissal for Lack of Appellate Jurisdiction, was served on the following in the manner indicated below:

<u>Served via Electronic Mail</u>
Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801
Email: jstemerman@atllp.com

<u>Served via Electronic Mail</u>
Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
Email: pkeane@pszjlaw.com

<u>Served via Electronic Mail</u>
Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE  19899
Email: goldberg@batlaw.com

/s/ Deborah A. Vitale
DEBORAH A. VITALE
Appellant, Pro Se
1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com